*United States v. Briggs*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 25-1613

GIOVANNI VASQUEZ, AKA SCREECH, HARRY FRANKLIN, AKA STREETS, AKA UNCLE STACKS,

> *Defendants,*

THEODORE BRIGGS, AKA PEEJAYE,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | Daniel P. Gordon (Elena Lali Coronado, *on the brief)*, Assistant United States Attorneys *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT. |

For Defendant-Appellant:                    Tracy Hayes, Assistant Federal Defender *for* Terence S. Ward, Federal Defender for the District of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Theodore Briggs ("Briggs") appeals from the June 26, 2025 judgment of the United States District Court for the District of Connecticut (Hall, *J.*), revoking his earlier-imposed term of supervised release. At his revocation hearing, Briggs admitted to five violations of the conditions of his supervision. The district court sentenced Briggs, principally, to three years' imprisonment and five years' supervised release. On appeal, Briggs argues that his sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to **AFFIRM**.

\*       \*       \*

"We review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard."[1] *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018). "The abuse-of-discretion standard incorporates *de novo* review of questions of law (including interpretations of the Guidelines) and clear-error review of questions of fact." *United States v.*

---

[1] "When a party properly objects to a sentencing error in the district court, we review for harmless error; issues not raised in the trial court because of oversight, including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error." *United States v. Vargas*, 961 F.3d 566, 570-71 (2d Cir. 2020) (citation omitted). We need not decide which, if any, issues Briggs preserved for appeal because, for the reasons explained below, his arguments fail under either standard.

*Vargas*, 961 F.3d 566, 570 (2d Cir. 2020) (quoting *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008)).

**I. Procedural Reasonableness**

"A sentence is procedurally unreasonable if the district court 'fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence.'" *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (quoting *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013)). Briggs contends that the district court violated his "due process right to be sentenced based on accurate information" by relying on unproven facts at sentencing. *United States v. Juwa*, 508 F.3d 694, 700 (2d Cir. 2007). He alleges that "[the] sentence imposed [by the district court] reflects a heightened sanction seemingly driven not by the charged violations alone, but by unverified suspicions and prejudicial inferences." Appellant's Br. 16. We disagree.

The district court did not base its sentence on any of the substantive allegations Briggs now contests on appeal. Rather, the court made clear that its sentence rested on Briggs's continued failure to comply with his conditions of supervision. As the court explained, that lack of compliance prevented the Probation Officer from obtaining "the fundamental information she needed to be able to" ensure Briggs was refraining from engaging in further criminal activity. App'x 208. The court thus did not make—let alone rely on—any factual findings regarding the alleged fraudulent Paycheck Protection Program loan, Briggs's use of electronic devices, or the failed polygraph examination. With respect to each of these allegations, the court instead highlighted Briggs's failure to comply with required procedures and otherwise provide Probation with relevant information.

3

Because the court did not in fact rely on any of the allegations Briggs identifies, we reject Briggs's procedural reasonableness challenge.[2]  See *United States v. Leavens*, No. 23-7993-CR, 2025 WL 387810, at \*1 (2d Cir. Feb. 4, 2025) (summary order) (rejecting procedural reasonableness challenge where "the District Court did not rely on the recommendation to justify the sentence"); *United States v. Morales-Plumei*, No. 25-168-CR, 2026 WL 479804, at \*2 (2d Cir. Feb. 20, 2026)  (summary order) (finding no procedural error where "nothing in the record indicate[d] that the District Court relied on any such finding in determining the sentence").

## II. Substantive Reasonableness

Briggs also asserts that his sentence was substantively unreasonable.  "Review for substantive unreasonableness requires that we consider 'the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts.'"  *Smith*, 949 F.3d at 66 (quoting *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016)).  And "a trial court's sentencing decision will be classified as error only if it 'cannot be located within the range of permissible decisions.'"  *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (quoting *United States v. Cavera,* 550 F.3d 180, 189 (2d Cir.2008) (en banc)).

Briggs contends that his sentence of 36 months was substantively unreasonable because it substantially exceeded the non-binding advisory range of eight to 14 months.  We again disagree.

---

[2]  Briggs also contests the district court's description of him as "unsupervisable," App'x 208, and suggestion that he had exhibited "resistance to the idea that he had issues he should be dealing with" at his initial sentencing, *id.* at 160.  But based on his documented failure to comply with the terms of his supervision, "unsupervisable" was not an unfair characterization of Briggs, let alone a clearly erroneous factual finding.  And though Briggs is correct the statements referenced by the district court seem to have been made during his pre-sentencing interview and period of supervision, we discern no indication the precise timing was in any way material to the district court's determination of the appropriate sentence.

Absent any procedural error a "sentencing judge may freely impose a term lower or higher than the recommended Guidelines range[.]" *United States v. Ramos*, 979 F.3d 994, 999 (2d Cir. 2020); *see also United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir. 1997) (noting that "the court ultimately has 'broad discretion to revoke its previous sentence and impose a term of imprisonment' up to the statutory maximum" (quoting *United States v. Sweeney,* 90 F.3d 55, 57 (2d Cir.1996)); *United States v. Verkhoglyad*, 516 F.3d 122, 136 (2d Cir. 2008) (highlighting that "the sentencing judge has unique insights into both the circumstances that prompted the initial non-incarceratory sentence and the degree to which the violation represents a serious betrayal of the court's trust and a risk of future criminal conduct"). And in light of Briggs's five admitted violations and extensive failure to comply with his conditions of supervision, we conclude Briggs's sentence, which falls below the five-year statutory maximum, *see* 18 U.S.C. § 3583(e)(3), "is not 'manifestly unjust' and does not 'shock the conscience,'" *United States v. Richardson*, 958 F.3d 151, 155 (2d Cir. 2020) (quoting *United States v. Rigas*, 583 F.3d 108, 122–24 (2d Cir. 2009)); *see also Pelensky*, 129 F.3d at 70 (affirming above-guidelines sentence for violation of supervised release).

*       *       *

We have considered Briggs's remaining arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5